UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>ATTILA COLAR,<br>　　　　　Defendant. | Case No. 21-cr-00163-HSG-1<br><br>**ORDER REGARDING MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 255, 256, 259 |

On May 26, 2023, the Court held a further pretrial conference at which it discussed and ruled on a number of the government's motions in limine. Dkt. No. 328. As to three of the motions the Court took under submission, it now issues this order, which incorporates the Court's discussion on the record at the further pretrial conference. As the Court explained at the conference, these rulings govern what the government can affirmatively introduce in its case-in-chief, and will be revisited if Defendant opens the door to admission of some or all of this evidence via cross-examination or in his case in chief.

As discussed at the conference, the Court will reserve ruling on Government's Motion in Limine Number 4 until it can assess how the evidence is coming in at trial.

**I.    GOVERNMENT'S MOTION IN LIMINE NUMBER 9 IS DENIED**

The government seeks to admit "evidence pertaining to potential tax consequences for victims of uncharged identity theft." Dkt. No. 259 at 1. Specifically, the government seeks to introduce "testimony from an IRS Special Agent that the 80 taxpayers whose [Tax Identification Numbers] were used by the defendant on these fraudulent W-2 Forms could receive an 'Under Reporter Audit,' and be subject to federal tax liens." *Id.* at 3. The government argues that this evidence is inextricably intertwined with the charged obstruction and records destruction charges, or in the alternative admissible under Rule 404(b). *Id.* at 1-2.

The Court finds that the probative value, if any, of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time, and thus excludes it under Rule 403. The "potential tax consequences" of the charged offenses simply are not relevant to any element of those offenses, and this evidence is not necessary "to permit the government to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 4. The offense, if proven, was complete when the forms were submitted without regard to any real-world (and no doubt painful) consequences for the victims. This "consequences" evidence also doesn't "show [defendant's] deliberate efforts to obstruct the ongoing investigations," and Defendant's "willful disregard of the impact his actions had on the additional identity theft victims whose TINs were misused" is irrelevant at the liability phase. And this evidence creates a substantial risk of prejudice and confusion of issues (including the risk that the jurors will take understandable but irrelevant sympathy for the victims into account in assessing the evidence), while needlessly consuming time in what is already scheduled to be a long trial. Government's Motion in Limine No. 9 is accordingly denied.[1]

## II. GOVERNMENT'S MOTION IN LIMINE NUMBER 10 IS DENIED

The government seeks to admit "evidence pertaining to threats and physical abuse pertaining to the residents of All Hands on Deck." Dkt. No. 256. The government's theory of relevance as to this evidence is that Defendant "advertised and represented AHOD to be a 'quality, clean, healthy, therapeutic, drug and alcohol free sober living environment' . . . that 'provides transitional housing and sober living housing that offers a safe structured living program for recovering individuals, parolees, probationers, homeless veterans, and those with mild mental health conditions.'" *Id.* at 2. But the government submits that "[r]ather than provide such an environment, among other things, defendant 'intimidated and threatened residents with physical harm,' and 'engaged in verbal and physical abuse of vulnerable AHOD residents." *Id.* (quoting Second Superseding Indictment ¶ 46). The government proffers that various witnesses who lived

---

[1] The motion also describes evidence that does not fall under the "consequences" umbrella, including the fact that Defendant hired a tax accountant after learning of the investigation and had the accountant draft 80 false W-2 forms. *Id.* at 4. This evidence is highly probative and not excludable on any basis set out in Rule 403.

2

at or were associated with AHOD will testify that defendant threatened, grabbed, struck, attacked, or assaulted them or others between 2019 and 2020. *Id.* at 2-3.

The Court finds that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time, and is thus excluded under Rule 403. The government submits that this evidence shows that AHOD was not actually a "safe," "healthy," "therapeutic" or "quality" SLE, contrary to the representations made in its statement to GEO Reentry when seeking a contract and to potential residents. *Id.* at 2. The Court cannot say that evidence going to that point generally is entirely irrelevant. But the problem with the evidence the government is actually proffering in this motion is that it raises obvious concerns of prejudice and confusion of the issues (i.e., creating the risk that the jury will find Defendant guilty because they find him to be a violent man rather than based on evidence supporting the elements). And generic terms like the ones used in the materials are so broad as to invite a mini-trial as to whether on balance they were still an accurate description of the SLE overall, notwithstanding the particular incidents the proffered witnesses describe. Because this evidence is so potentially prejudicial, the Court accordingly finds that the risks of Rule 403 harms substantially outweigh its probative value, so as to warrant exclusion, whether it is offered as direct evidence or under Rule 404(b), and denies Government's Motion in Limine No. 10.

## III. GOVERNMENT'S MOTION IN LIMINE NUMBER 8 IS TERMINATED AS MOOT

The government initially sought to admit evidence pertaining to the seizure of an uncharged handgun at the same time and location where agents seized the revolver and ammunition charged in the Second Superseding Indictment. Dkt. No. 255 at 1. The government confirmed on the record on June 5, 2023 that they do not intend to introduce this evidence. Accordingly, the Court terminates Dkt. No. 255 as moot.

The Courts stresses that if the Defendant opens the door to the admission of the second gun (by, for example, suggesting that the charged gun does not match the charged ammunition), the government will be allowed to introduce it to correct any false impression Defendant creates.

**IT IS SO ORDERED.**

Dated:  6/5/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge