1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

               Plaintiff,

     v.

COLAR,

               Defendant.

Case No. 21-cr-00163-HSG-1

**ORDER RESOLVING DEFENDANT'S MOTION FOR CLARIFICATION**

Re: Dkt. No. 519

Pending before the Court is Defendant Atilla Colar's motion for clarification. Dkt. No. 519. For the following reasons, the Court terminates Mr. Colar's motion for clarification, Dkt. No. 519, as moot and directs the Clerk to file Mr. Colar's pro se motion for reduction of sentence, which is attached to this Order, as a separate entry on the docket. The Court further directs counsel for both parties to respond to this motion.

**I.     BACKGROUND**

On June 23, 2023, a jury convicted Mr. Colar of 44 felony counts related to his involvement in multiple schemes to defraud. Dkt. No. 378. The Court sentenced Mr. Colar to 204 months imprisonment. Dkt. No. 432. Mr. Colar appealed, citing juror bias, *Brady* violations, and prosecutorial misconduct. Dkt. No. 425. On October 9, 2024, the Court appointed CJA Counsel David L. Annicchiarico to represent Mr. Colar in his appeal. Dkt. No. 491. Ninth Circuit proceedings in Mr. Colar's appeal are ongoing. On November 4, 2024, Mr. Colar submitted a pro se motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) to this Court. And on January 14, 2025, Mr. Colar filed a pro se motion for clarification, Dkt. No. 519, asking the Court why it had not yet resolved this motion.

## II.    DISCUSSION

Mr. Colar's pro se motion for reduction of sentence raises at least two procedural concerns, which the Court briefly addresses.

First, Mr. Colar filed his pro se motion for reduction of sentence while represented by counsel on appeal.  The substance of this motion implicates the issues presumably raised in Mr. Colar's appeal, including loss amount calculations and the duration of his sentence.  Accordingly, when the Clerk received Mr. Colar's motion for sentence reduction, the Clerk sent the motion to Mr. Annicchiarico for him to evaluate.  Since Mr. Annicchiarico did not file the motion, it did not appear on the Court's docket.  In general, "[a] criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel." *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987). *See United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and *pro se,* and the District Court was not obligated to consider [Defendant's] *pro se* motions in light of his being represented by counsel on direct appeal.").  Courts' "refusal to allow *pro se* filings from litigants represented by counsel is a widespread practice in state and federal courts." *Williams v. Yuen*, No. 14-CV-04507-EMC, 2016 WL 9110167, at *3 (N.D. Cal. May 13, 2016), *aff'd,* 684 F. App'x 636 (9th Cir. 2017) (collecting cases).  Since the decision of "[w]hether to allow hybrid representation remains within the sound discretion of the trial judge," the Court directs the Clerk to e-file Mr. Colar's motion for sentence reduction. *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981).  Nevertheless, the Court remains concerned about the procedural propriety of (1) filing pro se motions while represented by counsel and (2) filing motions before this Court that directly relate to issues pending on appeal.

Second, even though the Court will permit Mr. Colar's pro se motion for reduction of sentence to be filed, it appears clear that the Court lacks jurisdiction to decide it. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of jurisdiction over those aspects of the case involved in the appeal."); *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of

United States District Court
Northern District of California

appeal is filed, the district court is divested of jurisdiction over the matters being appealed.");

*United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) ("[T]he filing of the notice of appeal

conferred jurisdiction on the court of appeals and divested the district court of its control over

those aspects of the case involved in the appeal.").  For example, courts in this circuit routinely

decline to consider motions for compassionate release while a defendant's appeal is pending.  *See,*

*e.g., United States v. Chambers*, No. 1:18-CR-00076-BLW, 2022 WL 60598, at *2 (D. Idaho Jan.

5, 2022); *United States v. Bailey*, No. CR 22-22-BU-DLC, 2024 WL 708230, at *1 (D. Mont. Feb.

20, 2024).  Here, as noted above, it is hard to see how the issues raised in Mr. Colar's appeal and

the issues raised in his motion for reduction of sentence would not necessarily overlap

substantially.  Therefore, it seems clear that the Court does not have jurisdiction to rule on Mr.

Colar's motion for sentence reduction during the pendency of his appeal.

## III.    CONCLUSION

The Court DIRECTS the Clerk to file Mr. Colar's motion for reduction of sentence, which

is attached to this Order, as a separate entry on the docket.  The Court further DIRECTS counsel

for both parties to respond to this motion by February 5, 2025.  Once the responses are received,

the motion will be deemed submitted by the Court.  Mr. Colar's motion for clarification, Dkt. No.

519, is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated:      1/22/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3