United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLAR,

Defendant.

Case No. 21-cr-00163-HSG-1

**ORDER EXTENDING PERIOD FOR RETRIAL AND SETTING JURY TRIAL DATE AND FURTHER STATUS CONFERENCE**

The Court held a status conference on October 28, 2026, and directed the government to provide a calculation for retrial under the Speedy Trial Act, 18 U.S.C. § 3161. The government calculated that 70 days from the issuance of the mandate, plus the allowable exclusion for custodial transit time, would result in a trial beginning by December 21, 2026.[1] *See* Dkt. No. 535.

Under the Speedy Trial Act, "[i]f the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final . . . ." 18 U.S.C. § 3161(e). Here, the Ninth Circuit issued the mandate remanding this case, and beginning the speedy trial clock, on October 2, 2026. *See* Dkt. 528; *see also United States v. Ross*, 654 F.2d 612, 616 (9th Cir. 1981) ("[T]he date the action occasioning the retrial became final is the day the mandate was issued."). Seventy days from October 2, 2026, is December 11, 2026. However, "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." *See* 18 U.S.C. §3161(e). This includes the time to transport the defendant to this district, up to ten days, after

[1] The government also indicated that it intended to file pretrial motions, which would toll the Speedy Trial Act clock at least an additional 14 days, to January 4, 2027. *See* Dkt. No. 535 at 2–3 (citing 18 U.S.C. § 3161(h)(1)(D)). Because the government has not filed any pretrial motions yet, the Court does not consider such tolling at this time.

which point the delay is "presumed to be unreasonable." *See* 18 U.S.C. § 3161(h)(1)(F). According to the U.S. Marshals, Mr. Colar arrived in this district on October 13, 2026. *See* Dkt. No. 535-1 ("Padukone Decl.") at ¶ 4. Excluding ten days for this period of transport, the default Speedy Trial Act deadline to start the trial would be December 21, 2026.

But the Act provides that the Court may extend this date in cases involving a retrial under certain circumstances:

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, *except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical*.

18 U.S.C. § 3161(e) (emphasis added). The government argues that such an extension is warranted here, Dkt. No. 535, and the Court agrees.

Mr. Colar was initially convicted of 44 felony counts following a three-week trial in June 2023. *See* Dkt. No. 477. These included Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349; Wire Fraud and Aiding and Abetting, 18 U.S.C. §§ 1343 and 2; Aggravated Identity Theft, 18 U.S.C. § 1028(A); Conspiracy to Commit Bank Fraud and Wire Fraud, 18 U.S.C. § 1349; Obstruction of Official Proceedings and Aiding Abetting, 18 U.S.C. §§ 1512(c)(2) and 2; and Tampering with a Witness and Aiding and Abetting, 18 U.S.C. §§ 1512(b)(1) and 2. *Id.* The government identified over 90 potential witnesses, *see* Dkt. No. 360, and ultimately called over 40 witnesses, and introduced almost 200 exhibits, *see* Dkt. No. 377. In short, even before the passage of time, the first trial was itself complex.

Under the circumstances, the record clearly establishes that trial by December 2026 or even early January 2027 would be impractical. Although the government's new trial counsel was just assigned to the case, he has acted promptly to assess the availability of witnesses and the

practicability of trial. *See* Padukone Decl. at ¶¶ 3–12.[2] As the government explains, there are several witnesses, including some who testified involuntarily and/or under immunity orders during the first trial, whose whereabouts are currently unknown. *See* Dkt. No. 535 at 4–5; Padukone Decl. at ¶¶ 5–11. Efforts are underway to locate at least three witnesses, but tracking them down—several years after the first trial—will take time and resources. *See id.* Additionally, several of the witnesses who testified at the first trial lived out of state and had to fly in for trial. *See* Padukone Decl. at ¶ 12. The government will need to contact these witnesses and make travel arrangements so they can testify at the retrial. *Id.* This too will require considerable coordination. For all these reasons, an earlier trial, especially one during or right after the holidays, is impractical, and a brief extension under the Speedy Trial Act is warranted. *See* 18 U.S.C. § 3161(e).

Having extended the period for retrial for the reasons detailed above, the Court accordingly **SETS** the jury trial to begin on February 22, 2027, at 8:30 a.m. in Courtroom 2, Fourth Floor, 1301 Clay Street, Oakland, CA 94612. The parties shall be prepared to begin with any preliminary matters no later than 8:00 a.m. each day. The Court also **SETS** a further status conference on November 4, 2026, at 2:00 p.m. in Courtroom 2, Fourth Floor, 1301 Clay Street, Oakland, CA 94612.

**IT IS SO ORDERED.**

Dated: October 30, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

[2] One of the two Assistant United States Attorneys ("AUSAs") who previously tried the case in 2023 has since retired; and the other is on a years-long detail in a foreign country with the State Department, is no longer a line AUSA, and is unavailable to retry the case. Padukone Decl. at ¶ 2. While not the Court's primary focus here, the Ninth Circuit has recognized in a persuasive memorandum disposition that unavailability of prior government counsel due to the passage of time is also relevant to the § 3161(e) analysis. *United States v. Hernandez-Urena*, 35 F.3d 572, at *4 (9th Cir. 1994) (recognizing fact that prior trial AUSA had since left government service as one of "[s]everal factors in this case, all 'resulting from the passage of time,' justify[ing a § 3161(e)] extension").